# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

FREDERICK GEORGE WILLIAMS,

    Plaintiff,

v.

KATHERINE H. LYBRAND, *et al.*,

    Defendants.

Case No. 3:25-cv-00178-SLG

## ORDER OF DISMISSAL

Before the Court at Docket 6 is Defendants Gloria Burns and Steven Hartford's ("Tribal Defendants") Motion to Dismiss. Plaintiff Frederick George Williams filed a response at Docket 10 to which Tribal Defendants replied at Docket 11. Plaintiff also filed an amended response to the motion to dismiss at Docket 17, which the Court has also reviewed and considered.

Plaintiff brings this action against Tribal Defendants and state Superior Court Judge Katherline Lybrand. In his Complaint, Plaintiff alleges that Judge Lybrand improperly denied his request for counsel on March 13, 2024, apparently based on the judge's denial of Plaintiff's status as an Indian custodian. And he alleges that Tribal Defendants violated Plaintiff's right to due process in July 2025 when Ms. Burns wrote him a letter that the Tribal Council would not intervene regarding Plaintiff's asserted status as an Indian custodian with rights under the Indian Child Welfare Act. Similarly, Plaintiff alleges that Mr. Hartford also denied Plaintiff his

right to due process when he informed Plaintiff that the Tribe's determination as to Plaintiff's Indian custodian status had been concluded and the matter was closed.[1]

Plaintiff seeks two forms of relief: (1) a declaration that the "placement of an Indian child with an Indian person creates an Indian custodian"; and (2) "Tribal ordinances are to be obeyed by Tribal authorities."

Tribal Defendants assert that the claims against them should be dismissed for three reasons: First, Mr. Williams' claims concern tribal law and therefore cannot be maintained under 43 U.S.C. § 1983. Second, claims arising under tribal law are not a source of federal jurisdiction. And third, the Tribal Defendants share in the Tribe's sovereign immunity and have not consented to this suit.

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statute.[2] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[3] Plaintiff's Complaint does not contain any plausible allegations that the actions of the Tribal Defendants could fairly read to be actions of the State of Alaska government itself. Therefore, Plaintiff cannot maintain this civil rights action in federal court against Tribal

---

[1] Docket 1.

[2] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[3] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Case No. 3:25-cv-00178-SLG, *Williams v. Lybrand, et al.*
Order of Dismissal
Page 2 of 5
Case 3:25-cv-00178-SLG   Document 26   Filed 12/29/25   Page 2 of 5

Defendants.

Further, under Section 1983, to be deprived of a right, the defendant's action must either violate a right guaranteed by the United States Constitution or an enforceable right created by a federal statute.[4] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[5] But it does not provide a mechanism for a litigant to seek to remedy alleged violations of Tribal law.[6] Further, in the Ketchikan Indian Community's Constitution, it "asserts its immunity from all suits and actions in law and equity to the greatest extent allowed under federal law, except to the extent such immunity is expressly waived by official act duly authorized by the Tribal Council."[7]

Lastly, tribal immunity from suit "extends to tribal officials acting in their representative capacity and within the scope of their authority."[8] Accordingly, Plaintiff's suit against Tribal Defendants is barred by the Tribe's sovereign immunity.

---

[4] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[5] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[6] *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989) (holding Section 1983 claims alleging the deprivation of rights under color of Tribal law cannot be maintained in federal court) (quotation omitted)).

[7] Ketchikan Indian Community Constitution Article VII. Under Evidence Rule 201, a court may take judicial notice of a Tribal constitution.

[8] *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476 (9th Cir. 1985).

Case No. 3:25-cv-00178-SLG, *Williams v. Lybrand, et al.*
Order of Dismissal
Page 3 of 5
Case 3:25-cv-00178-SLG   Document 26   Filed 12/29/25   Page 3 of 5

For the foregoing reasons, Tribal Defendants' Motion to Dismiss at Docket 6 is GRANTED. The Court further finds that according to Plaintiff leave to file an amended complaint as to the Tribal Defendants would be futile because these deficiencies cannot be rectified. Therefore, all of Plaintiff's motions against the Tribal Defendants are DENIED as moot.

With respect to Judge Lybrand, Plaintiff filed a returned summons, which does not appear to demonstrate that the summons and complaint were served on this defendant in a manner specified by Rule 4 of the Federal Rules of Civil Procedure, and no answer has been filed by the judge. Nonetheless, the Court, on its own initiative will dismiss the claim against Judge Lybrand. The Complaint alleges that the judge erred in denying Plaintiff's request for appointed counsel in a state court proceeding. State court judges are absolutely immune from suits under Section 1983 for acts performed in their official capacities as judges.[9] Allegations of legal error by the judge do not deprive a judge of judicial immunity, which applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."[10] Because Judge Lybrand is absolutely immune from liability for her decision on the appointment of counsel in the state court proceeding, this action against her must also be dismissed and any motion brought regarding her denied as moot, as according Plaintiff leave to

---

[9] *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam).

[10] *Moore v. Brewster,* 96 F.3d 1240, 1243-44 (9th Cir. 1995) (quotation omitted).

Case No. 3:25-cv-00178-SLG, *Williams v. Lybrand, et al.*
Order of Dismissal
Page 4 of 5
Case 3:25-cv-00178-SLG     Document 26     Filed 12/29/25     Page 4 of 5

file an amended complaint against the judge to attempt to correct this deficiency would be futile.

For the foregoing reasons, this action is DISMISSED in its entirety and the Clerk of Court is directed to enter a final judgment accordingly.

DATED this 29th day of December, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00178-SLG, *Williams v. Lybrand, et al.*
Order of Dismissal
Page 5 of 5
Case 3:25-cv-00178-SLG    Document 26    Filed 12/29/25    Page 5 of 5